# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARTHUR POWELL,

            **Plaintiff,**

      -vs-                              Case No.   06-C-975

E. MICHAEL MCCANN,

            **Defendant.**

## ORDER

Plaintiff Arthur Powell, who resides at the Milwaukee County House of Corrections, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act (PLRA), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1).

By order dated September 19, 2006, the plaintiff was ordered to forward to the clerk of court by October 10, 2006, the sum of $64.02 as an initial partial filing fee in this action. The plaintiff was advised that, upon payment of this fee, the court would determine whether the action can proceed *in forma pauperis*. To date the plaintiff has not paid this partial filing fee.

On October 10, 2006, the plaintiff filed a letter stating that he would like to prosecute this action but does not have money to pay the filing fee. He further states that "if the civil action can't go through for free or until I get the money then I would like voluntary dismissal this [] until I can get the money to pay the filing fee." As noted, the plaintiff is required to pay the fill filing fee and therefore his request to proceed "for free" will be denied.

However, the plaintiff does not owe the entire filing fee at this time; rather he owes the initial partial filing fee which was calculated at $64.02. *See* 28 U.S.C. § 1915(b)(1). The PLRA provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." However,

> [i]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when "the prisoner has no assets and no means by which to pay the initial partial filing fee." A prisoner with periodic income has "means" even when he lacks "assets."

*Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled on other grounds by*, *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Since the plaintiff's trust account statement indicates that he receives credits to his account, the court cannot allow him to proceed without prepayment of the initial partial filing fee under § 1915(b)(4). *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1041-42 (E.D. Wis. 2001). Therefore, the court will dismiss this case without prejudice.

2

Case 2:06-cv-00975-RTR   Filed 11/14/06   Page 2 of 3   Document 5

On October 10, 2006, the plaintiff filed a letter stating that he would like to prosecute this action but does not have money to pay the filing fee. He further states that "if the civil action can't go through for free or until I get the money then I would like voluntary dismissal this [] until I can get the money to pay the filing fee." As noted, the plaintiff is required to pay the fill filing fee and therefore his request to proceed "for free" will be denied.

However, the plaintiff does not owe the entire filing fee at this time; rather he owes the initial partial filing fee which was calculated at $64.02. *See* 28 U.S.C. § 1915(b)(1). The PLRA provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." However,

> [i]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when "the prisoner has no assets and no means by which to pay the initial partial filing fee." A prisoner with periodic income has "means" even when he lacks "assets."

*Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled on other grounds by*, *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). Since the plaintiff's trust account statement indicates that he receives credits to his account, the court cannot allow him to proceed without prepayment of the initial partial filing fee under § 1915(b)(4). *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1041-42 (E.D. Wis. 2001). Therefore, the court will dismiss this case without prejudice.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that this action be and hereby is dismissed without prejudice.

**IT IS FURTHER ORDERED** that this dismissal will not be counted as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 14th day of November, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**